IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,965-01






EX PARTE ELISEO ENRIQUEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-2142-98-G IN THE 370TH DISTRICT COURT


FROM HIDALGO COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of intoxication
manslaughter and intoxication assault and sentenced to two terms of ten years' imprisonment. He
did not appeal his convictions.

 Applicant contends that he received 1,330 days of pre-sentence time, but that of those 1,330
days he has not been credited with 314 days. Applicant has alleged facts that, if true, might entitle
him to relief. In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings
of fact. The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit stating whether Applicant has been credited with 1,330 days in this cause. 
The affidavit should also state whether Applicant has submitted his claim to the time credit
resolution system of TDCJ, and if so, the date when his claim was submitted. The trial court may
also order depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely
on its personal recollection. Id. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether the Texas Department of Criminal Justice has credited
Applicant with 1,330 days in this cause. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: May 20, 2009

Do not publish